{¶ 45} I concur with the analysis and disposition of the majority as to the first, fifth and sixth assignments of error.
 {¶ 46} I respectfully dissent from the majority opinion as to its analysis and disposition of the second, third and fourth assignments of error.
 {¶ 47} Upon a review of the record I find no evidence to establish the existence of a retirement account with a value in the amount of eighteen thousand dollars ($18,000.00). Furthermore, I do not find any discussion by the majority as to the name or origin of a retirement account with this value. I therefore conclude that the trial court erred in finding the existence of a "retirement account" worth eighteen thousand ($18,000.00) dollars and in a distribution of this account.
 {¶ 48} In regard to the valuation and distribution of the Edward Jones account, the record established that at the time of the divorce hearing, the account was valued at approximately, eighteen thousand, eight hundred and thirty one ($18,831.00) dollars. However, the trial court valued the account as being eighty-eight thousand, two hundred and forty ($88,240.00) dollars. I find nothing in the trial court's judgment to support the decision to value the pension account at the time of the hearing in the amount of $88,240.00. *Page 12 
As such, I would reverse and remand this matter to the trial court to state with specificity its findings of fact and conclusions of law supporting the valuation of the Edward Jones account or, in the alternative, to enter a different valuation for that account. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant. *Page 1